PATTON-WORSHAM DRUG COMPANY, Respondent, v. GODDARD GROCER COMPANY, Appellant.

St. Louis Court of Appeals. Submitted on Briefs December 1, 1913. Opinion Filed December 31, 1913.

1. **PRINCIPAL AND AGENT: Authority of Agent: Sufficiency of Evidence.** In an action for the price of goods sold and delivered to an agent of a branch house of defendant mercantile company, evidence *held* to sustain a finding that the agent had authority to order goods for defendant.

2. **APPELLATE PRACTICE: Binding Effect of Theory at Trial.** In an action for the price of goods sold and delivered to an agent of a branch house of defendant mercantile company, where there was evidence that the agent had authority to

order the goods and bind defendant for the price, and the court, at the request of defendant, charged that before plaintiff could recover, the jury must believe that the order was within the scope of the agency, or that defendant subsequently ratified the act of the agent, defendant was bound by an adverse verdict.

3. ———: Conclusiveness of Verdict. The weight of the evidence is for the jury, and a verdict sustained by evidence and approved by the trial court is conclusive, on appeal.

4. TRIAL PRACTICE: Reopening Case: Appellate Practice: Review. The trial court may, in its discretion, before acting on a demurrer to plaintiff's evidence, reopen the case, at the request of plaintiff, and permit the introduction of material and relevant evidence which should have been introduced before plaintiff rested, and its discretion in this regard will not be disturbed, on appeal, unless manifestly abused.

5. PRINCIPAL AND AGENT: Authority of Agent: Evidence: Custom and Usage. In an action for the price of goods sold and delivered to an agent of a branch house of defendant mercantile company, where the issue was whether the agent had authority to order the goods and bind defendant for the price, evidence that the purchase involved was such a large one that it was out of the ordinary line of business of an agent of the character of the one acting for defendant, was properly excluded, in the absence of evidence tending to show that plaintiff had knowledge of the custom, especially where there was testimony that defendant's vice-president had stated that the agent had authority to make the purchase in question.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*H. E. Sprague* and *John B. Denvir, Jr.* for appellant.

(1) The reopening of the case after plaintiff had closed, to permit plaintiff to bring in additional evidence, was an abuse of judicial discretion, when the additional evidence sought to be introduced was not newly discovered and might equally well have been introduced before the close. Tierney v. Spiva, 76 Mo. 279; Mayor, Etc., v. Burns, 114 Mo. 426; Goodrich v.

Railway Co., 152 Mo. 222; Bank v. Brinkerhoff, 110 Mo. App. 429. (2) Evidence of defendant's having filed a claim with the railroad after this suit was filed, for the goods previously tendered to plaintiff and refused by it, was not material or relevant and should have been excluded. Story on Sales, secs. 408-9; Rubin v. Sturtevant, 81 Fed. 931; Jones v. Bloomgarden, 143 Mich. 336; Black v. Delbridge, Etc., Co., 51 N. W. 269. (3) Evidence offered by defendnat of the unusual and extraordinary size of the order for goods not regularly or ordinarily carried in the wholesale grocery business, was improperly excluded. Mechem on Agency, secs. 286, 287, 290; Steel on Agency, sec. 97; 31 Cyc. 1337; Thompson on Corporations (2 Ed.), sec. 1577; St. L. Gunning Adv. Co. v. Wanamaker & Brown, 115 Mo. App. 270; Murphy v. Bldg. Co., 155 Mo. App. 649; Alt v. Grosclose, 61 Mo. App. 409; Hackett v. Van Frank, 105 Mo. App. 384; Dellacella v. Harmonie Club, 34 Mo. App. 179. (4) Evidence offered by defendant of a general knowledge of the trade concerning defendant's method of buying goods solely through its St. Louis office, was improperly excluded. Story on Agency (2 Ed.), sec. 98; Sanborn v. Cole, 63 Vt. 590; White v. Fuller, 67 Barb. 267, 271; Sumner v. Stewart, 69 Pa. St. 321, 324.

*Abbott & Edwards* for respondent.

(1) Material testimony should not be excluded because offered after the evidence is closed on both sides, unless it has been kept back by trick, and the opposite party would be deceived or injuriously affected by it. Dozier v. Jerman, 30 Mo. 216; The City of DeSoto v. Brown, 44 Mo. App. 148; Roland v. Beshears, 54 Mo. App. 227; Pearson v. Gillett, 55 Mo. App. 312; Boxberger v. Kansas City, 68 Mo. App. 412; Wyrick v. Railway Co., 74 Mo. App. 406. (2) Evidence of defendant having filed a claim against the

Frisco Railroad for the value of the oxidine shipped by defendant to plaintiff and by plaintiff refused and sold by the railroad, was material under the pleadings and properly admitted. Plummer v. Knight, 156 Mo. App. 342; Clark & Skyles on Agency, pp. 323, 326; 31 Cyc. p. 1280; Meachem on Agency, p. 98. (3) The only objection lodged against the admission of testimony relating to the claim defendant filed against the railroad was, that the evidence was immaterial. Such an objection is practically equivalent to no objection at all. For this reason, also, the court committed no error in admitting the testimony. Roe v. Bank of Versailles, 167 Mo. 422; Bragg v. Met. Street Ry. Co., 192 Mo. 342; Dean v. Railroad, 199 Mo. 401. (4) The court did not err in declining to permit the buyer of proprietary remedies for Meyer Bros. Drug Co. to state whether or not, in his opinion, this was a large or small sale or even an extraordinarily large sale. (5) The court did not err in declining to permit an agent for soap manufactures to state the general knowledge of the grocery trade with reference to the place where defendant did its buying.

REYNOLDS, P. J.—This is an action to recover a balance claimed to be due on a bill of goods alleged to have been sold by plaintiff to defendant. It appears that the sale was made by a traveling salesman of plaintiff, a drug house, to a branch house of defendant, located at Caruthersville in this State, the articles sold being 350 dozen of a patent or proprietary medicine called Oxidine. The headquarters of defendant, its principal place of business, was situated in the city of St. Louis, but it had several branch houses at other places, among others, this one at Caruthersville, which was under the management of one Hogan.

There is no question as to the purchase, sale and price, nor over the delivery of the drugs to the Caruthersville house of the defendant. The sole question here

is the authority of Hogan to make the purchase. In addition to testimony tending to show that Mr. Hogan was the manager and in control of the branch house, and made purchases there, there is testimony in the record to the effect that Mr. Goddard, the vice-president of the defendant company, shortly before this action was brought, and after receiving a letter addressed to the defendant company, advising it that the attorney had a bill for collection, had called on plaintiff's attorney, and that attorney had shown him the bill here involved, as also the memorandum contract under which the drugs were bought. This memorandum was in writing and signed, "The Goddard Grocer Co., Purchaser. W. A. Hogan, Mgr;" also signed by the salesman of plaintiff and is in the form of an order on plaintiff to ship to defendant at Caruthersville, 25 gross and 50 dozen Oxidine, quoting price and terms of sale. Showing Mr. Goddard the letters and contract, the attorney testified that he said to Mr. Goddard that he did not see that defendant had any particular defense, provided the man who signed the contract in the name of the Goddard Grocer Company was authorized to do so; to this, as he testified, Mr. Goddard replied that there was no question about Hogan's authority to execute the contract, because he called up the main house in St. Louis by long distance telephone and told them he was ordering this, and the house hold him "to go ahead and be sure that he had the contract in writing and that it contained the entire contract." Mr. Goddard, testifying, admitted calling on the attorney and discussing the matter with him, but denied making this remark.

It was in evidence that the parent house at St. Louis had paid $193.41 on account of a portion of the goods covered by the contract, defendant claiming that in so paying it was not aware of the contract, and had refused to pay the balance. It was also in evidence that defendant had shipped the unsold goods

back to plaintiff, that plaintiff refused to receive them and that defendant had filed a claim with the railroad company which had carried the goods, for their value, that claim unadjusted.

The sole question in the case being one of agency, of the authority of the manager of the house at Caruthersville to make this purchase, was one of fact, to be determined by the jury. There was substantial evidence establishing the agency and the verdict is conclusive, provided there was no error in the action of the court on the instruction. It follows that the refusal of the instructions asked by defendant in the nature of demurrers to the evidence was proper. There was no error in those given. That given for plaintiff required the jury to pass on the fact of agency. Several asked and given at the instance of defendant repeated this in varied forms. Thus this was given at the instance of defendant:

"The jury are instructed that before the plaintiff can recover, you must believe from the evidence that W. A. Hogan was the agent of the defendant, and that it was within the scope of his agency to order the Oxidine, mentioned in the evidence, or that the defendant subsequently ratified the act of Hogan as such agent, and thereby rendered itself liable therefor."

With such instructions, given at its own request, defendant must abide the verdict.

The weight of the evidence was for the jury and the trial court; the jury found for plaintiff, the court confirmed the verdict, and we as an apellate court are concluded.

The point is made by learned counsel for appellant, that the trial court erred in allowing plaintiff to reopen its case and introduce testimony after defendant had interposed a demurrer to the evidence then given for plaintiff. When the request was made the demurrer had not been acted on by the court; the rec-

ord does not suggest that the court had even intimated
how it would rule on the demurrer. Allowing the case
to be reopened, plaintiff introduced testimony which
was not merely cumulative, but bore directly on the
issues; testimony of which it can be said it should have
been introduced before plaintiff announced it had
closed. It was material, relevant and not merely
cumulative. It has been held in many cases that the
matter of opening up a case is a matter resting
within the sound discretion of the trial court (Jones
on Evidence (2 Ed.), sec. 811), and unless that discre-
tion is manifestly abused, the appellate court will not
interfere. [Joplin Waterworks Co. v. City of Joplin,
177 Mo. 496, 1. c. 531, 76 S. W. 960.] Looking at the
matter as presented, we find no reason to hold that the
discretion was arbitrarily or unwisely exercised.

Complaint is made of the rejection of evidence of-
fered by defendant, to the effect that the purchase
here involved was such a large one that it was out of
the ordinary line of business of an agent of the char-
acter of the one who here acted for defendant. This
evidence was rejected and properly so. It could have
no bearing on this particular transaction, which spoke
for itself. The offer went further and was to prove
by one or more witnesses present, the general knowl-
edge of the grocery trade at the time of this order
that defendant did all of its buying at the St. Louis
office, and the manager in charge of its office at
Caruthersville had no authority to buy goods for de-
fendant. This offer of this line of testimony was prop-
erly rejected for two reasons: First, there was no at-
tempt to bring the knowledge of the custom home to
this plaintiff, and whether there was any such custom
or not, in the face of the positive testimony, that the
vice-president of defendant company had said that this
particular agent had authority to make this particular
purchase, any custom of that kind would not be ap-
plicable or binding.

Finding no reversible error in the trial of the case, the judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.